## AARON CLAFLIN *vs.* DANIEL T. THAYER.

A replevin bond, from a person not the plaintiff, with one surety, is not such a bond "from the plaintiff or from some one in his behalf, with sufficient sureties," as is required by the Rev. Sts. *c.* 113, § 29; and if objection is made at the return term, the action of replevin must be dismissed.

A motion to dismiss an action of replevin, for want of a sufficient bond, sufficiently states the cause of the motion, by alleging that the officer did not before the service of the writ "take from the plaintiff or some one on his behalf a bond to the defendant with sufficient sureties," &c., enumerating all the requisites of the Rev. Sts. *c.* 113, § 29.

The filing of an affidavit of merits simultaneously with a motion to dismiss is not a waiver of that motion.

REPLEVIN of a horse, harness and wagon, of the value of $225. The bond taken from the plaintiff by the officer, before serving the writ, was a bond of John P. Daniels as principal, and Charles F. Claflin as surety, in the sum of $450, with the usual condition of a replevin bond.

On the third day of the first term the defendant filed an affidavit of merits; and on the same day a motion to dismiss the action, " because the officer who served the writ in said case did not, before the service of the writ in said case, take from the said plaintiff, or some one in his behalf, a bond to the defendant with sufficient sureties, to be approved by the officer, in double the value of the goods sought to be replevied in said case, with condition to prosecute this replevin to final judgment, and to pay such damages and costs as the defendant shall recover against him, and also to return the said property in case such shall be the final judgment in said case; and because the said officer has not complied with the requirements of the law in the service of the writ in said case, nor obtained from the plaintiff or some one in his behalf such a bond to the defendant as is required by law in such case; and because no bond was given to the defendant by the plaintiff, or any such bond as is required by law." The court of common pleas dismissed the action, and the plaintiff appealed.

*T. G. Kent,* for the plaintiff.   1. The bond given is a good bond at common law.   *Simonds* v. *Parker,* 1 Met. 512.   *Chandler* v.

*Smith,* 14 Mass. 313. *Morse* v. *Hodsdon,* 5 Mass. 314. *Judson* v. *Adams,* 8 Cush. 560. *Burroughs* v. *Lowder,* 8 Mass. 373. *Keene* v. *Deardon,* 8 East, 298.

2. The motion to dismiss does not state any specific defect in the bond, and does not therefore raise any question as to its sufficiency. *Wolcott* v. *Mead,* 12 Met. 516.

3. All objections to the bond were waived by the general appearance and filing the affidavit, simultaneously with the motion to dismiss. *Greenwood* v. *Lake Shore Railroad,* 10 Gray, . *Cole* v. *Ackerman,* 7 Gray, 38. *Carlisle* v. *Weston,* 21 Pick. 535. *Seagrave* v. *Erickson,* 11 Cush. 89. *Pratt* v. *Sanger,* 4 Gray, 84. *Martin* v. *Commonwealth,* 1 Mass. 347. *Pattee* v. *Harrington,* 11 Pick. 221. *Doughty* v. *Lascelles,* 4 T. R. 520.

*P. P. Todd,* for the defendant.

METCALF, J. 1. Though a replevin bond, which does not conform to the Rev. Sts. *c.* 113, § 29, may be good at common law, yet the defendant in replevin is entitled, if he seasonably require it, to such a bond as is prescribed by statute, namely, a bond " from the plaintiff, or from some one in his behalf, with sufficient sureties." Such a bond was not given in this case, and the defendant's motion to dismiss the action for that cause was rightly granted by the court of common pleas ; it having been made at the return term of the writ. *Clark* v. *Connecticut River Railroad,* 6 Gray, 363. If the defendant had delayed the motion till a subsequent term, it would have been too late. *Simonds* v. *Parker,* 1 Met. 508.

2. The cause of the motion to dismiss the action is sufficiently stated.

3. A point, which does not arise on the papers in the case, was raised in argument. It was said by the plaintiff's counsel, and admitted by the counsel for the defendant, that the motion to dismiss the action, and an affidavit of defence on the merits, were filed simultaneously ; and the plaintiff has contended that the affidavit was a waiver or a revocation of the motion. We do not think so. By § 10 of the practice act, (*St.* 1852, *c.* 312,) it was necessary that the defendant should file an affidavit of defence, during the return term, to save him from the

danger of a default. Hence it was decided in 6 Gray, *ubi sup.*, that an affidavit filed after a motion to dismiss was not a waiver of that motion. A *fortiori*, it would seem that a filing of both at once should not prevent effect being given to each in its order. When two acts are done at the same time, that shall take effect first, which ought in strictness to have been done first, in order to give it effect. Plow. 540.

*Judgment of dismissal affirmed*